IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOE HAND PROMOTIONS, INC., )
)
        Plaintiff, )
)
  v. ) 1:22-cv-29
)
ANTONIO CRUZ TORRES, )
doing business as )
CAFE CRUZ, )
)
        Defendant. )

## ORDER

Plaintiff Joe Hand Promotions, Inc., has filed Plaintiff's Motion for Final Default Judgment. (Doc. 13.) In support of the motion, Plaintiff has filed affidavits by Plaintiff's President, (Ex. 1, Pl.'s Aff. in support of Pl.'s Mot. for Default J. by the Ct. ("Joseph P. Hand Aff.") (Doc. 14-1)), and by E. Gordan Mooneyhan, Plaintiff's auditor, (Ex. 4, Piracy Aff. ("E. Gordan Mooneyhan Aff.") (Doc. 14-4)). Plaintiff has also filed a supporting memorandum. (Mem. of P. & A. in Support of Memorandum of Points and Authorities in Supp. of Pl.'s Mot. for Default J. (Doc. 14).) After consideration of the pleadings, evidence, and relevant authorities, this court finds that Plaintiff is entitled to default judgment, and Plaintiff's motion will be granted.

In summary, the evidence and pleadings establish that Plaintiff is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605. Plaintiff "purchased and retained the commercial exhibition rights to the Manny Pacquiao vs. Adrien Broner broadcast on January 19, 2019." (Joseph P. Hand Aff. (Doc. 14-1) at 1.) Plaintiff thereafter marketed the "sub-licensing (commercial exhibition) rights" for the event. (Id.) Due to concerns over the erosion in sales of the programming, Plaintiff investigated and determined that "signal pirates" were broadcasting Plaintiff's proprietary programming. (Id. at 2.) As part of that investigation, on January 19, 2019, Plaintiff's auditor observed the unauthorized broadcast of Plaintiff's programming by Café Cruz, a commercial establishment in Lumberton, North Carolina. (See id. at 3-4; see E. Gordan Mooneyhan Aff. (Doc. 14-4) at 1.) Defendant is the owner and/or operator of Café Cruz. (See Joseph P. Hand Aff. (Doc. 14-1) at 3; Compl. (Doc. 1) at 1.)

## Analysis

### A. Jurisdiction

"Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). The party moving for

default judgment must still show that the defaulted party was properly served. See Md. State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996).

Plaintiff is a corporation organized and existing under the laws of Pennsylvania. (See Compl. (Doc. 1) at 1.) Defendant, Antonio Cruz Torres, in an individual conducting business as Café Cruz in Lumberton, North Carolina. (See id.)

The summons and complaint were served on Defendant on August 2, 2022. (Doc. 10.) Plaintiff effectuated service of process on Defendant and this court has personal jurisdiction over Defendant. Defendant Antonio Cruz Torres d/b/a Café Cruz (hereinafter "Defendant") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service. The Clerk entered default against Antonio Cruz Torres d/b/a/ Café Cruz on September 2, 2022. (Doc. 12.) This court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 and 47 U.S.C. § 605 ("the Cable Act").

Plaintiff asserts a cause of action pursuant to 47 U.S.C. § 605 or, alternatively, a cause of action pursuant to 47 U.S.C. § 553.

B.  **Default Judgment**

Generally, if a defendant fails to plead or otherwise defend an action, this court has the discretion to enter default judgment as to that defendant. See Fed. R. Civ. P. 55; <u>Music City Music v. Alfa Foods, Ltd.</u>, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." <u>EMI April Music, Inc. v. White</u>, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). "Therefore, in determining whether to enter default judgment, the Court may exercise its discretion by considering many factors from the record." <u>Id.</u> "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." <u>United States v. Moradi</u>, 673 F.2d 725, 727 (4th Cir. 1982) (internal citations omitted). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." <u>J & J Sports Prods., Inc. v. Romenski</u>, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). "However, the defendant is not deemed to have admitted conclusions of law . . . ." <u>Id.</u> The

movant must still show that the "unchallenged factual allegations constitute a legitimate cause of action." Agora Fin., LLC v. Samler, 725 F. Supp. 2d 491, 494 (D. Md. 2010); see Romenski, 845 F. Supp. 2d at 705 (explaining that default judgment is proper when "the well-pleaded allegations in the complaint support the relief sought").

The Cable Act, 47 U.S.C. § 605, prohibits the unauthorized reception of

> encrypted signal by end-users . . . . In addition to imposing criminal liability, the Cable Act also allows an aggrieved party such as DIRECTV to elect to recover either actual or statutory damages for violations of these provisions. For those seeking statutory damages, as DIRECTV did in this case, the Cable Act sets forth a two-tiered penalty system.

DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (internal citations omitted). That two-tiered penalty system provides that an aggrieved party, such as Plaintiff, "may recover an award of statutory damages for each violation of [§ 605(a)] involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just. . . ." 47 U.S.C. § 605(e)(3)(C)(i)(II). If the court should find that the violation was committed willfully "and for purposes of . . . private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than

- 5 -

Case 1:22-cv-00029-WO-JEP   Document 16   Filed 12/05/22   Page 5 of 9

$100,000 for each violation . . . ." 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff alleges, and this court finds, that Defendant willfully intercepted and received, by unauthorized satellite transmission, the interstate communications of Plaintiff in this instance. (See Compl. (Doc. 1) at 3.) Defendant thereafter transmitted, divulged, and published these communications to patrons in Café Cruz. (Id.) The unauthorized broadcast was published over five television sets in Café Cruz. (E. Gordan Mooneyhan Aff. (Doc. 14-4) at 1.) This court finds that Plaintiff has established that Defendant violated 47 U.S.C. § 605(a), and judgment shall be entered in Plaintiff's favor as to its claim.

This court recognizes Plaintiff's election to seek statutory damages solely under 47 U.S.C. § 605. Considering the admitted allegations and other facts of record, this court finds that Plaintiff is entitled to statutory damages under 47 U.S.C. § 605. This court further finds that Plaintiff's request of statutory damages in the amount of $2,000.00 is reasonable. Defendant broadcast the program to 12-14 patrons for an undercard bout prior to the Pacquiao main event, and Café Cruz can hold up to 30 patrons. (E. Gordan Mooneyhan Aff. (Doc. 14-4) at 1.) It is reasonable to infer the crowd would have increased by

the time of the main event. Based on this occupancy size, the rate card, had Defendant contracted lawfully for the broadcast, shows a fee of $1,500. (Ex. 3 (Doc. 14-3) at 1.) Thus, this court finds the requested $2,000 statutory damages, when combined with damages for willfulness and attorney's fees, an appropriate award of damages and a sufficient deterrent.

Defendant's actions were willful and for purposes of private financial gain. Therefore, additional damages are warranted in this action. This court, in its discretion, awards additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendant in the amount of $6,000.00. Plaintiff has presented evidence of injury caused by pirating these broadcasts-including lost revenue from signal piracy, increased costs to lawful residential and commercial customers, and interests in deterring this conduct. (Joseph P. Hand Aff. (Doc. 14-1) at 4.)

This court also concludes that Plaintiff should be awarded costs and attorneys' fees. Plaintiff has submitted an affidavit reflecting costs in the amount of $475.78—covering a $402 filing fee and a $73.78 fee to effect service of process. (Decl. of Todd A. Jones in Supp. of Pl.'s Mot. for Default J. and Atty's' Fees (Doc. 15) at 2.) Plaintiff also requests $1,500 in attorneys' fees, estimating six hours of time at a rate of $250.00 per hour. (Id. at 1–2.) No one has appeared to challenge

- 7 -

these fees; however, the affidavit falls short of providing facts necessary to fully consider the reasonableness of the fee request. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994). Counsel for Plaintiff should bear that in mind in the future.

Nevertheless, this court has experience with litigation rates for similar work in this area. This court finds a request of $250.00 per hour for a time of six hours reasonable and will therefore award $1500.00 in attorneys' fees. However, given the limited information available on attorneys' fees, this court declines to enter an anticipatory award of attorneys' fees for post-judgment services if Defendant fails to voluntarily pay the judgment.

For the reasons set forth herein,

**IT IS THEREFORE ORDERED** that:

1. Judgment by default be entered in favor of Plaintiff and against Defendant Antonio Cruz Torres d/b/a Café Cruz in a total amount of $8,000.00, consisting of statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) in the amount of $2,000.00 and additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendant in the amount of $6,000.00.

2. Plaintiff have and recover attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) from Defendant in the amount of $1,500.00 and costs in the amount of $475.78 relating to the prosecution of this matter.

3. Plaintiff have and recover from Defendant interest at the statutory rate from the date of this Judgment until paid.

A written judgment will be filed contemporaneously with this Order.

This the 5th day of December, 2022.

                                           /s/ William L. Osteen, Jr.
                                                 United States District Judge